IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WADE ROBINSON,<br><br>           Plaintiff,<br><br>v.<br><br>WICHITA STATE UNIVERSITY, et al.<br><br>           Defendants. | Case No.  2:16-cv-02138-DDC-GLR |

**MOTION OF DEFENDANT THE REGISTRY FOR COLLEGE AND UNIVERSITY PRESIDENTS, A DIVISION OF COLLEGIATE ENTERPRISE SOLUTIONS, LLC, TO STRIKE COUNTS V AND VI OF THE SECOND AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, TO DISMISS**

Defendant The Registry For College And University Presidents, A Division Of Collegiate Enterprise Solutions, LLC (hereafter, the "Registry"), by undersigned counsel, respectfully requests, pursuant to Fed. R. Civ. P. 12(f), that the Court strike Counts V and VI of the Second Amended Complaint [Doc. 64], which expressly re-asserts claims against the Registry which were dismissed by this Court's Order of May 31, 2017 [Doc. 57], and which are therefore immaterial or redundant.  Alternatively, the Registry respectfully moves the Court to dismiss Counts V and VI of the Second Amended Complaint, as those Counts incorporate by reference claims from the First Amended Complaint that this Court has previously dismissed.  In further support of its Motion, Defendant Registry states as follows:

1.    This Court's Order dated May 31, 2017 [Doc. 57], granted Defendant Registry's Motion to Dismiss the claims asserted against the Registry in Plaintiff's First Amended Complaint [Doc. 48].

2. On March 5, 2018, Plaintiff filed his Second Amended Complaint [Doc. 64]. In that pleading, Plaintiff names the Registry as a Defendant and incorporates by reference the previously-dismissed allegations against the Registry, rather than omitting the Registry and the previously-dismissed claims in that amended pleading. [*See id.* at 1, 16.]

3. The Tenth Circuit's holding in *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1518 (10th Cir. 1991), provides that when a plaintiff does not re-allege claims in an amended pleading that have been previously been dismissed, the dismissal of the claims remains preserved for appeal and the plaintiff does not waive an appeal of that dismissal by not including the dismissed claims in the amended pleading. This holding remains good law. *See, e.g,. Mooring Capital Fund, LLC v. Knight*, 388 Fed. Appx. 814, 823–24 (10th Cir. 2010).

4. Robinson appears to recognize that it was unnecessary for him to re-plead the previously-dismissed allegations in the Second Amended Complaint to preserve the dismissal of claims for appeal.[1] [Doc. 64 at 16.] Nevertheless, Robinson has re-pleaded those dismissed claims against the Registry in Counts V and VI of his Second Amended Complaint. [*See id.*] He asserts that he has done so with the intention of "preserving" the claims for appeal (despite his concession that it was needless for him to re-plead those claims) and that he did not intend to assert those claims for the purpose of evading the Court's dismissal order.

---

[1] Indeed, as the *Davis* court observed, re-assertion of previously dismissed claims in an amended pleading could be grounds for issuing sanctions under Fed. R. Civ. P. 11 against a plaintiff. *See Davis*, 929 F.2d at 1518, n.2.

2

5.      However, given that the Registry is named as a Defendant in the Second Amended Complaint and that the amended pleading, on its face, expressly asserts claims against the Registry, the Registry is obligated to respond to the amended pleading under Fed. R. Civ. P. 12 and 14.  The Registry would not have been so obligated had Plaintiff not included the Registry as a Defendant and omitted Counts V and VI of the Second Amended Complaint.

6.      In Counts V and VI of the Second Amended Complaint, Plaintiff incorporates by reference the claims against the Registry that Plaintiff asserted in the First Amended Complaint. As such, Plaintiff's claims against the Registry in the Second Amended Complaint are identical to the claims in the First Amended Complaint against the Registry which were previously dismissed by this Court.

7.      Fed. R. Civ. P. 12(f) authorizes this Court to "strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter," this Court should strike from the Second Amended Complaint Counts V and VI of that amended pleading.

8.      As the claims against the Registry in the Second Amended Complaint are identical to the previously-dismissed claims against the Registry from the First Amended Complaint, it follows that the claims Plaintiff seeks to assert in Counts V and VI of the Second Amended Complaint are immaterial or redundant, having been dismissed of by this Court's Order of May 31, 2017.  *See Brown v. Mailman*, 95-2181-JWL, 1996 WL 99763, at *1 (D. Kan. Feb. 7, 1996) ("To the extent the plaintiffs have pled claims in their amended complaint that the court has already dismissed, those claims must be stricken as 'redundant [and] immaterial'"). They should, therefore, be stricken pursuant to Fed. R. Civ. P. 12(f).  *See id.*

9. Alternatively, if the Court concludes that striking Counts V and VI under Fed. R. Civ. P. 12(f) is not appropriate, then Counts V and VI should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The same grounds for dismissal articulated in the Court's May 31, 2017, Order dismissing the claims of the First Amended Complaint against the Registry remain equally applicable to the claims that have been re-asserted against the Registry in the Second Amended Complaint.

10. In order to avoid unnecessary expense, the Registry hereby incorporates by reference its prior Motion To Dismiss First Amended Complaint Or, In The Alternative, For Judgment On The Pleadings [Doc. 50] and its Memorandum In Support of said motion [Doc. 51], as if set forth in full herein, which provide the procedural and legal basis for dismissal of Counts V and VII of the Second Amended Complaint. The Registry asks that the Court apply the arguments therein to the claims asserted against the Registry in Robinson's Second Amended Complaint.

11. The Registry, in turn, respectfully requests that the Court enter an Order dismissing the claims re-asserted against the Registry within Counts V and VI of the Second Amended Complaint on the grounds previously articulated in the Court in its Order of May 31, 2017 [Doc. 57].

Wherefore, The Registry For College And University Presidents, A Division Of Collegiate Enterprise Solutions, LLC, respectfully requests that the Court strike Counts V and VI of the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(f) or, alternatively, dismiss those Counts pursuant to Fed. R. Civ. P. 12(b)(6) upon the grounds previously set forth in the

Registry's prior Motion to Dismiss [Doc. 50], its Memorandum In Support [Doc. 51] and the Court's Order dismissing the claims against the Registry [Doc. 57].  The Registry further asks the Court and to grant such other relief as this Defendant may show itself entitled and the Court deems to be reasonable, appropriate, and just.

Respectfully submitted,

**Case Linden P.C.**

s/ Patric S. Linden
Kevin D. Case, MO 41491; KS 14570
Patric S. Linden, MO 49551; KS 18305
2600 Grand Boulevard, Suite 300
Kansas City, MO  64108
Tel:  (816) 979-1500
Fax:  (816) 979-1501
kevin.case@caselinden.com
patric.linden@caselinden.com
Attorneys for Defendant The Registry For College And University Presidents, A Division Of Collegiate Enterprise Solutions, LLC

**Certificate of Service**

      I hereby certify that on March 19, 2018, a true and correct copy of the above and foregoing was served by electronic filing with the Clerk of the Court in the CM/ECF system, which will automatically send email notification of such filing to the following counsel of record:

Sarah Alderks Brown
Dan Curry
Brown & Curry, LLC
406 West 34th Street, Suite 810
Kansas City, MO  64111
Attorneys for Plaintiff

Boyd A. Byers
Foulston Siefkin LLP
1551 North Waterfront Parkway, Ste. 100
Wichita, KS  67206-4466
Attorney for Defendants Wichita State University and John Bardo

Toby Crouse
Crouse LLC
11814 Antioch, No. 253
Overland Park, KS 66210
Attorney for Defendants Wichita State University and John Bardo

Molly Gordon
Wichita State University
1845 Fairmount Street
201 Morrison Hall
Wichita, KS  67260-0205
Attorney for Defendants Wichita State University and John Bardo

                                          s/ Patric S. Linden
                                          Patric S. Linden