**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| WADE ROBINSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 16-2138 |
| ) | |
| WICHITA STATE UNIVERSITY, et al., ) | |
| ) | |
| Defendants. ) | |

**WSU DEFENDANTS' ANSWER TO**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Wichita State University ("WSU") and John Bardo ("Dr. Bardo") (collectively "WSU Defendants") answer Plaintiff's Second Amended Complaint as follows. WSU Defendants deny all of Plaintiff's claims. WSU Defendants deny that WSU retaliated against Plaintiff for engaging in any alleged protected activity in violation of Title IX of the Education Amendments Act of 1972; deny that Dr. Bardo violated any alleged Fourteenth Amendment liberty interest of Plaintiff's in violation of 42 U.S.C. § 1983; deny that Dr. Bardo defamed Plaintiff; and deny that Dr. Bardo invaded Plaintiff's privacy. WSU Defendants deny each and every allegation in Plaintiff's Second Amended Complaint not expressly admitted below. In particular, the WSU Defendants assert that Plaintiff has failed to state a claim.

By way of further answer, WSU Defendants state as follows:

1.     Answering the allegation in paragraph 1 of Plaintiff's Second Amended Complaint, WSU Defendants admit that Plaintiff purports to allege violations of Title IX of the Education Amendments Act of 1972 ("Title IX"), 20 U.S.C. § 1681(a), the Due Process Clause of the Fourteenth Amendment to the United States Constitution via 42 U.S.C. § 1983, and Kansas common law; however, WSU Defendants deny that any of these allegations have merit.

2.     Answering the allegations in paragraph 2 of Plaintiff's Second Amended Complaint, WSU Defendants deny that this Court has jurisdiction over all or part of Plaintiff's

claims in light of the defenses and immunities set forth in this Answer.

3.     WSU Defendants deny the allegations in paragraph 3 of Plaintiff's Second Amended Complaint.

4.     WSU Defendants admit that venue is proper but deny the remaining allegations in paragraph 4 of Plaintiff's Second Amended Complaint.

5.     Answering the allegations in paragraph 5 of Plaintiff's Second Amended Complaint, WSU Defendants admit that at various times during his employment with WSU, Plaintiff held the titles of Vice President for Campus Life and University Relations, Vice President for Student Engagement, and Vice President of Student Affairs. WSU Defendants deny the remaining allegations in paragraph 5 of Plaintiff's Second Amended Complaint.

6.     WSU Defendants admit the allegations in paragraph 6 of Plaintiff's Second Amended Complaint.

7.     WSU Defendants admit the allegations in paragraph 7 of Plaintiff's Second Amended Complaint. WSU Defendants deny that Plaintiff has properly sued Dr. Bardo.

8.     WSU Defendants lack knowledge or information sufficient to form a belief as to the truth of, and thus deny, the allegations in paragraph 8 of Plaintiff's Second Amended Complaint.

9.     Answering the allegations in paragraph 9 of Plaintiff's Second Amended Complaint, WSU Defendants admit that WSU is a state educational institution, considered a state agency for certain purposes, and a recipient of federal financial assistance. WSU Defendants deny the remaining allegations in paragraph 9 of Plaintiff's Second Amended Complaint.

10.     WSU Defendants admit the allegations in paragraph 10 of Plaintiff's Second Amended Complaint.

11.     WSU Defendants admit the allegations in paragraph 11 of Plaintiff's Second

Amended Complaint.

12.     Answering the allegations in paragraph 12 of Plaintiff's Second Amended Complaint, WSU Defendants admit that at certain times during Plaintiff's employment with WSU, he had certain duties and responsibilities related to certain Title IX compliance, student conduct, housing and residence life, and enrollment matters. WSU Defendants deny the remaining allegations in paragraph 12 of Plaintiff's Second Amended Complaint.

13.     Answering the allegations in paragraph 13 of Plaintiff's Second Amended Complaint, WSU Defendants admit that in 2013 WSU's General Counsel Ted Ayres was the Title IX Coordinator and that other individuals were Deputy Title IX Coordinators. WSU Defendants deny the remaining allegations in paragraph 13 of Plaintiff's Second Amended Complaint.

14.     WSU Defendants lack knowledge or information sufficient to form a belief as to the truth of, and thus deny, the allegations in paragraph 14 of Plaintiff's Second Amended Complaint.

15.     WSU Defendants deny the allegations in paragraph 15 of Plaintiff's Second Amended Complaint.

16.     WSU Defendants lack knowledge or information sufficient to form a belief as to the truth of, and thus deny, the allegations in paragraph 16 of Plaintiff's Second Amended Complaint.

17.     WSU Defendants deny the allegations in paragraph 17 of Plaintiff's Second Amended Complaint.

18.     WSU Defendants deny the allegations in paragraph 18 of Plaintiff's Second Amended Complaint.

19.     Answering the allegations in paragraph 19 of Plaintiff's Second Amended

Complaint, WSU Defendants admit that Plaintiff submitted an incident report regarding the alleged rape. WSU Defendants deny the remaining allegations in paragraph 19 of Plaintiff's Second Amended Complaint.

20.     Answering the allegations in paragraph 20 of Plaintiff's Second Amended Complaint, WSU Defendants admit that Plaintiff asked the Associate Athletic Director for help getting the alleged perpetrator to respond, and the Associate Athletic Director stated they would assist in any possible way at the appropriate time. WSU Defendants deny the remaining allegations in paragraph 20 of Plaintiff's Second Amended Complaint.

21.     WSU Defendants deny the allegations in paragraph 21 of Plaintiff's Second Amended Complaint.

22.      Answering the allegations paragraph 22 of Plaintiff's Second Amended Complaint, WSU Defendants admit that Francisco Gonzales began employment with WSU as Title IX Coordinator and Executive Director for the Office of EEO in January 2014. WSU Defendants deny the remaining allegations in paragraph 22 of Plaintiff's Second Amended Complaint.

23.     WSU Defendants lack knowledge or information sufficient to form a belief as to the truth of, and thus deny, the allegations in paragraph 23 of Plaintiff's Second Amended Complaint.

24.     WSU Defendants lack knowledge or information sufficient to form a belief as to the truth of, and thus deny, the allegations in paragraph 24 of Plaintiff's Second Amended Complaint.

25.     WSU Defendants lack knowledge or information sufficient to form a belief as to the truth of, and thus deny, the allegations in paragraph 25 of Plaintiff's Second Amended Complaint.

26.     WSU Defendants deny the allegations in paragraph 26 of Plaintiff's Second Amended Complaint.

27.     WSU Defendants deny the allegations in paragraph 27 of Plaintiff's Second Amended Complaint.

28.     WSU Defendants admit that on or about July 10, 2014, Plaintiff's position changed from Vice President for Campus Life and University Relations to Vice President for Student Engagement; that this new position reported to Tony Vizzini, who was promoted to Provost and Senior Vice President; that this new position was not part of the Executive Team; and that Plaintiff's position change was one of several realignment changes announced on July 11, 2014. WSU Defendants deny the remaining allegations in paragraph 28 of Plaintiff's Second Amended Complaint.

29.     Answering the allegations in paragraph 29 of Plaintiff's Second Amended Complaint, WSU Defendants admit that after Plaintiff's position changed on or about July 10, 2014, Plaintiff continued to serve "at the pleasure of the President," insofar as all executive appointments are considered to be "held at the pleasure of the President." WSU Defendants deny the remaining allegations in paragraph 29 of Plaintiff's Second Amended Complaint.

30.     WSU Defendants deny the allegations in paragraph 30 of Plaintiff's Second Amended Complaint.

31.     Answering the allegations in paragraph 31 of Plaintiff's Second Amended Complaint, WSU Defendants admit that on January 12, 2015, Plaintiff sent an e-mail to Dr. Bardo, Tony Vizzini, and Ted Ayres stating that "[t]he alleged victim [of the alleged sexual assault reported in January 2014] has communicated with the Director of Student Conduct and has provided additional conversation," and, as a separate discussion item, that a reporter "is looking to do a story related to the topic of sexual assaults on campus and the VAWA/Clery/Title

IX legislation" and "is looking to interview people from across the state and not just WSU" [Plaintiff was "not sure if the University of Virginia or University of Oregon stories prompted any of this or if it is just a topic of interest to him and editors"]. WSU Defendants deny the remaining allegations in paragraph 31 of Plaintiff's Second Amended Complaint.

32.   WSU Defendants deny the allegations in paragraph 32 of Plaintiff's Second Amended Complaint.

33.   WSU Defendants deny the allegations in paragraph 33 of Plaintiff's Second Amended Complaint.

34.   WSU Defendants lack knowledge or information sufficient to form a belief as to the truth of, and thus deny, the allegations in paragraph 34 of Plaintiff's Second Amended Complaint.

35.   WSU Defendants lack knowledge or information sufficient to form a belief as to the truth of, and thus deny, the allegations in paragraph 35 of Plaintiff's Second Amended Complaint.

36.   WSU Defendants deny the allegations in paragraph 36 of Plaintiff's Second Amended Complaint.

37.   WSU Defendants admit the allegations in paragraph 37 of Plaintiff's Second Amended Complaint.

38.   WSU Defendants admit the allegations in paragraph 38 of Plaintiff's Second Amended Complaint.

39.   Answering the allegations in paragraph 39 of Plaintiff's Second Amended Complaint, WSU Defendants admit that Dr. Bardo engaged the Registry to provide an interim replacement and provided certain information to the Registry. WSU Defendants deny the remaining allegations in paragraph 39 of Plaintiff's Second Amended Complaint.

40.    WSU Defendants admit that Dr. Bardo met with Matt Conklin on March 4, 2015, but deny the remaining allegations contained in paragraph 40 of Plaintiff's Second Amended Complaint.

41.    WSU Defendants deny the allegations in paragraph 41 of Plaintiff's Second Amended Complaint.

42.    Answering the allegations in paragraph 42 of Plaintiff's Second Amended Complaint, WSU Defendants admit that on May 9, 2015, *The Wichita Eagle* published an article that said that Matthew Conklin said that Dr. Bardo said that there were three reasons Plaintiff was let go: "that the student conduct process is too punitive in nature rather than educational as it should be; that student affairs had improperly allocated finances in supporting the institution's goals; and that student affairs is 'too bureaucratic in nature.'" WSU Defendants deny the remaining allegations in paragraph 42 of Plaintiff's Second Amended Complaint.

43.    Answering the allegations in paragraph 43 of Plaintiff's Second Amended Complaint, WSU Defendants admit that an article in *The Wichita Eagle* on May 9, 2015, quoted Defendant Registry as stating, "The current operation is too hierarchical and punishment-centered." WSU Defendants deny the remaining allegations in paragraph 43 of Plaintiff's Second Amended Complaint.

44.    WSU Defendants deny the allegations in paragraph 44 of Plaintiff's Second Amended Complaint.

45.    WSU Defendants deny the allegations in paragraph 45 of Plaintiff's Second Amended Complaint.

46.    WSU Defendants deny the allegations in paragraph 46 of Plaintiff's Second Amended Complaint.

47.    WSU Defendants deny the allegations in paragraph 47 of Plaintiff's Second

Amended Complaint.

48.     WSU Defendants deny the allegations in paragraph 48 of Plaintiff's Second Amended Complaint.

49.     WSU Defendants deny the allegations in paragraph 49 of Plaintiff's Second Amended Complaint.

50.     Answering the allegations in paragraph 50 of Plaintiff's Second Amended Complaint, WSU Defendants admit that on Thursday, July 10, 2015, Plaintiff sent an email stating that he "would like to make a request under the Kansas Open Records Act for all communication and information from any and all staff at WSU that was between WSU and the staff at the company called The Registry." WSU Defendants deny the remaining allegations in paragraph 50 of Plaintiff's Second Amended Complaint.

51.     Answering the allegations in paragraph 51 of Plaintiff's Second Amended Complaint, WSU Defendants admit that WSU timely responded to Plaintiff's request on July 14, 2015; WSU communicated with Plaintiff and provided requested information on an ongoing basis from July 14 to November 5, 2015; and Plaintiff confirmed that WSU had responded to and satisfied all of his KORA requests.

52.     WSU Defendants lack knowledge or information sufficient to form a belief as to the truth of, and thus deny, the allegations in paragraph 52 of Plaintiff's Second Amended Complaint.

53.     WSU Defendants lack knowledge or information sufficient to form a belief as to the truth of, and thus deny, the allegations in paragraph 53 of Plaintiff's Second Amended Complaint.

54.     Answering the allegations in paragraph 54 of Plaintiff's Second Amended Complaint, WSU Defendants admit that on November 15, 2015, Plaintiff purported to file a

grievance against Dr. Bardo (which was not in accordance with WSU's procedures), and that WSU General Counsel David Moses stated, "Your Notice of Appointment also confirms your appointment and service was 'at the pleasure of the chief executive officer.'" WSU Defendants deny the remaining allegations in paragraph 54 of Plaintiff's Second Amended Complaint.

55.     Answering the allegations in paragraph 55 of Plaintiff's Second Amended Complaint, WSU Defendants admit that on November 15, 2015, Plaintiff purported to file a grievance against Provost Tony Vizzini (which was not in accordance with WSU's procedures). WSU Defendants deny the remaining allegations in paragraph 55 of Plaintiff's Second Amended Complaint.

56.     WSU Defendants deny the allegations in paragraph 56 of Plaintiff's Second Amended Complaint.

57.     WSU Defendants deny the allegations in paragraph 57 of Plaintiff's Second Amended Complaint.

## COUNT I

58.     WSU Defendants incorporate their responses to each and every allegation in Plaintiff's Second Amended Complaint as if fully set forth herein.

59.     Paragraph 59 of Plaintiff's Second Amended Complaint constitutes a legal argument and conclusion for which no answer is required. To the extent an answer is required, WSU Defendants deny the allegations as stated in paragraph 59 of Plaintiff's Second Amended Complaint.

60.     WSU Defendants deny the allegations in paragraph 60 of Plaintiff's Second Amended Complaint.

61.     Paragraph 61 of Plaintiff's Second Amended Complaint constitutes a legal argument and conclusion for which no answer it required. To the extent an answer it required,

WSU Defendants deny the allegations as stated in paragraph 61 of Plaintiff's Second Amended Complaint.

62.     Paragraph 62 of Plaintiff's Second Amended Complaint constitutes a legal argument and conclusion for which no answer is required. To the extent an answer is required, WSU Defendants deny the allegations as stated in paragraph 62 of Plaintiff's Second Amended Complaint.

63.     WSU Defendants deny the allegations in paragraph 63 of Plaintiff's Second Amended Complaint.

64.     WSU Defendants deny the allegations in paragraph 64 of Plaintiff's Second Amended Complaint.

65.     WSU Defendants deny the allegations in paragraph 65 of Plaintiff's Second Amended Complaint.

66.     WSU Defendants deny the allegations in paragraph 66 of Plaintiff's Second Amended Complaint.

67.     WSU Defendants deny the allegations in paragraph 67 of Plaintiff's Second Amended Complaint.

68.     WSU Defendants deny the allegations in paragraph 68 of Plaintiff's Second Amended Complaint.

69.     WSU Defendants deny the allegations in paragraph 69 of Plaintiff's Second Amended Complaint.

70.     WSU Defendants deny the allegations in paragraph 70 of Plaintiff's Second Amended Complaint.

71.     WSU Defendants deny the allegations in paragraph 71 of Plaintiff's Second Amended Complaint.

72.     WSU Defendants deny the allegations in paragraph 72 of Plaintiff's Second Amended Complaint.

73.     WSU Defendants deny the allegations in paragraph 73 of Plaintiff's Second Amended Complaint.

74.     WSU Defendants deny the allegations in paragraph 74 of Plaintiff's Second Amended Complaint.

75.     WSU Defendants deny the allegations in paragraph 75 of Plaintiff's Second Amended Complaint.

76.     WSU Defendants deny the allegations in paragraph 76 of Plaintiff's Second Amended Complaint.

77.     WSU Defendants deny the allegations in paragraph 77 of Plaintiff's Second Amended Complaint.

78.     WSU Defendants deny the allegations in paragraph 78 of Plaintiff's Second Amended Complaint.

## **COUNT II**

79.     WSU Defendants incorporate their responses to each and every allegation in Plaintiff's Second Amended Complaint as if fully set forth herein.

80.     WSU Defendants lack knowledge or information sufficient to form a belief as to the truth of, and thus deny, the allegations in paragraph 80 of Plaintiff's Second Amended Complaint.

81.     WSU Defendants deny the allegations in paragraph 81 of Plaintiff's Second Amended Complaint.

82.     Paragraph 82 of Plaintiff's Second Amended Complaint constitutes a legal argument and conclusion for which no answer is required. To the extent an answer is required,

WSU Defendants deny the allegations as stated in paragraph 82 of Plaintiff's Second Amended Complaint.

83.     Paragraph 83 of Plaintiff's Second Amended Complaint constitutes a legal argument and conclusion for which no answer is required. To the extent an answer is required, WSU Defendants deny the allegations in paragraph 83 of Plaintiff's Second Amended Complaint, and in particular that Dr. Bardo engaged in conduct as alleged by Plaintiff.

84.     WSU Defendants deny the allegations in paragraph 84 of Plaintiff's Second Amended Complaint.

85.     WSU Defendants deny the allegations in paragraph 85 of Plaintiff's Second Amended Complaint.

86.     WSU Defendants deny the allegations in paragraph 86 of Plaintiff's Second Amended Complaint.

87.     WSU Defendants deny the allegations in paragraph 87 of Plaintiff's Second Amended Complaint.

88.     WSU Defendants deny the allegations in paragraph 88 of Plaintiff's Second Amended Complaint.

89.     WSU Defendants deny the allegations in paragraph 89 of Plaintiff's Second Amended Complaint.

90.     WSU Defendants deny the allegations in paragraph 90 of Plaintiff's Second Amended Complaint.

91.     WSU Defendants deny the allegations in paragraph 91 of Plaintiff's Second Amended Complaint.

92.     WSU Defendants deny the allegations in paragraph 92 of Plaintiff's Second Amended Complaint.

93.     WSU Defendants deny the allegations in paragraph 93 of Plaintiff's Second Amended Complaint.

94.     WSU Defendants deny the allegations in paragraph 94 of Plaintiff's Second Amended Complaint.

95.     WSU Defendants deny the allegations in paragraph 95 of Plaintiff's Second Amended Complaint.

## COUNT III

96.      WSU Defendants incorporate their responses to each and every allegation in Plaintiff's Second Amended Complaint as if fully set forth herein.

97.     WSU Defendants deny the allegations in paragraph 97 of Plaintiff's Second Amended Complaint.

98.     WSU Defendants deny the allegations in paragraph 98 of Plaintiff's Second Amended Complaint.

99.     WSU Defendants deny the allegations in paragraph 99 of Plaintiff's Second Amended Complaint.

100.    WSU Defendants deny the allegations in paragraph 100 of Plaintiff's Second Amended Complaint.

101.    WSU Defendants deny the allegations in paragraph 101 of Plaintiff's Second Amended Complaint.

102.    WSU Defendants deny the allegations in paragraph 102 of Plaintiff's Second Amended Complaint.

103.    WSU Defendants deny the allegations in paragraph 103 of Plaintiff's Second Amended Complaint.

104.    WSU Defendants deny the allegations in paragraph 104 of Plaintiff's Second

Amended Complaint.

105.    WSU Defendants deny the allegations in paragraph 105 of Plaintiff's Second Amended Complaint.

106.    Paragraph 106 of Plaintiff's Second Amended Complaint constitutes a legal argument and conclusion for which no answer is required. To the extent an answer is required, WSU Defendants deny that Dr. Bardo made statements as alleged by Plaintiff or defamed Plaintiff, and further deny that Dr. Bardo made any defamatory statements in the course and scope of his employment with WSU.

107.    Paragraph 107 of Plaintiff's Second Amended Complaint constitutes a legal argument and conclusion for which no answer is required. To the extent an answer is required, WSU Defendants deny that Dr. Bardo engaged in conduct as alleged by Plaintiff or defamed Plaintiff, and further deny that Dr. Bardo engaged in any defamatory conduct with the participation, ratification, authority, or consent of WSU.

108.    Paragraph 108 of Plaintiff's Second Amended Complaint constitutes a legal argument and conclusion for which no answer is required. To the extent an answer is required, WSU Defendants deny the allegations in paragraph 108 of Plaintiff's Second Amended Complaint.

109.    WSU Defendants deny the allegations in paragraph 109 of Plaintiff's Second Amended Complaint.

110.    WSU Defendants deny the allegations in paragraph 110 of Plaintiff's Second Amended Complaint.

## **COUNT IV**

111.    Paragraph 111 of Plaintiff's Second Amended Complaint is a legal statement for which no answer is required. To the extent an answer is required, WSU Defendants incorporate

their answers to each and every allegation in Count IV of Plaintiff's First Amended Complaint, as previously set forth in paragraphs 110-127 of WSU Defendants' Answer to Plaintiff's First Amended Complaint (ECF Doc. 49), as if fully set forth herein. WSU Defendants further answer that the Court properly dismissed Plaintiff's Invasion of Privacy claim against Dr. Bardo.

## COUNT V

112.    Paragraph 112 of Plaintiff's Second Amended Complaint is a legal statement for which no answer is required. To the extent an answer is required, WSU Defendants incorporate their answers to each and every allegation in Count V of Plaintiff's First Amended Complaint, as previously set forth in paragraphs 128-145 of WSU Defendants' Answer to Plaintiff's First Amended Complaint (ECF Doc. 49), as if fully set forth herein. WSU Defendants further answer that the Court properly dismissed Plaintiff's Defamation claim against Defendant Registry.

## COUNT VI

113.    Paragraph 113 of Plaintiff's Second Amended Complaint is a legal statement for which no answer is required. To the extent an answer is required, WSU Defendants incorporate their answers to each and every allegation in Count VI of Plaintiff's First Amended Complaint, as previously set forth in paragraphs 146-160 of WSU Defendants' Answer to Plaintiff's First Amended Complaint (ECF Doc. 49), as if fully set forth herein. WSU Defendants further answer that the Court properly dismissed Plaintiff's Invasion of Privacy claim against Defendant Registry.

## PRAYER FOR RELIEF

114.    Answering the unnumbered prayer for relief following paragraph 113, WSU Defendants deny that Plaintiff is entitled to judgment in his favor, an award of damages, or any relief of any kind or nature.

WSU Defendants pray that Plaintiff's request for relief be denied; that judgment be

entered in WSU Defendants' favor on each and every one of the claims and causes of action set forth in Plaintiff's Second Amended Complaint; and that WSU Defendants be awarded their costs, expenses, and attorneys' fees in defending this action, and such other and further relief as the Court may deem appropriate and proper.

## AFFIRMATIVE AND OTHER DEFENSES

WSU Defendants assert that Plaintiff's claims are barred in whole or in part by the following defenses. By setting forth these defenses, WSU Defendants do not accept that they bear the burden to establish any of them and merely seek to preserve their defense of the claims made against them. By way of further answer, WSU Defendants assert the following contentions:

1.    Plaintiff fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims may be barred by the applicable statute of limitations, exhaustion of remedies, and/or compliance with statutory or administrative prerequisites to suit.

3.    Plaintiff's claims fail for lack of subject matter jurisdiction.

4.    Plaintiff lacks standing to pursue some or all of his claims.

8.    Some or all of Plaintiff's claims are barred or limited by waiver, estoppel, unclean hands, unjust enrichment, payment, acquiescence, fraud, setoff, accord, and/or satisfaction.

9.    WSU Defendants are entitled to absolute and/or Eleventh Amendment immunity from some or all of Plaintiff's claims.

10.    WSU Defendants are entitled to qualified immunity from some or all of Plaintiff's claims.

11.    WSU Defendants are entitled to the substantive and procedural protections afforded by the immunity doctrines, including, without limitation, a stay of discovery.

12.    Plaintiff's claims may be attributable in whole or in part to other persons, entities,

circumstances, and/or conditions over which WSU Defendants have no control and for which WSU Defendants are neither responsible nor liable to Plaintiff.

13.     Plaintiff did not engage in protected activity.

14.     WSU Defendants did not personally participate in, subject Plaintiff to, or cause Plaintiff to be subjected to the alleged constitutional deprivation.

15.     Plaintiff's claims are barred in whole or in party by his failure to allege that he was denied due process.

16.     Plaintiff fails to allege the existence of a constitutional right and/or a deprivation of that right.

17.     WSU Defendants did not retaliate against Plaintiff in any way.

18.     All of WSU Defendants' decisions regarding Plaintiff's employment were based on legitimate, non-retaliatory reasons.

19.     Plaintiff's claims are barred in whole or in part because the government, acting as an employer, is entitled to exercise discretion over personnel and other compliance issues with regard to at-will employees.

20.     Any alleged brief delay in informing Plaintiff about the alleged rape incident in 2013 was at the instruction of law enforcement officials to accommodate a police investigation.

21.     Plaintiff has not stated a claim under the Kansas Tort Claims Act.

22.     Plaintiff has failed to comply with a condition precedent under state and/or federal law.

23.     Plaintiff's tort claims are barred in whole or in part by the immunities set forth in the Kansas Tort Claims Act, K.S.A. 75-6104.

24.     Plaintiff's liberty-interest claim is barred in whole or in part because he has no protected liberty or property interest, was not entitled to due process, did not request due process,

and was not denied any process he was due.

25.     WSU Defendants are entitled to judgment as a matter of law because they did not cause Plaintiff to suffer an alleged deprivation.

26.     The allegations in Plaintiff's Second Amended Complaint assert liability based upon, at most, negligent behavior, which is insufficient to state a violation under 42 U.S.C. § 1983.

27.     Plaintiff's liberty-interest claim is barred in whole or in part because one or more of the WSU Defendants did not participate in the allegedly unconstitutional conduct at issue.

28.     Dr. Bardo did not make the allegedly defamatory statements alleged by Plaintiff.

29.     Plaintiff's claims are barred in whole or in part because the alleged defamatory statements were not false, but were truthful or substantially truthful.

30.     Plaintiff's claims are barred in whole or in part because he has not identified any untrue statement of fact.

31.     Plaintiff's claims are barred in whole or in part because the alleged defamatory statements constituted matters of subjective opinion and do not support a claim for defamation.

32.     Plaintiff's claims are barred in whole or in part because the alleged statements were not published or given publicity by WSU Defendants.

33.     WSU Defendants are entitled to absolute immunity.

34.     WSU Defendants are entitled to a qualified or conditional privilege.

35.     Plaintiff did not suffer any injury to his reputation, any mental distress, or any other harm from WSU Defendants' alleged statements.

36.     WSU Defendants are not liable or legally responsible for any actions taken by Defendant Registry.

37.     Plaintiff's claims are barred in whole or in part because he did not engage in

18

protected conduct.

38.     Plaintiff fails to state a claim for the deprivation of his rights under the United States Constitution, federal law, and/or state tort laws.

39.     Plaintiff failed to utilize or avail himself to WSU's policies and procedures.

40.     Plaintiff failed to mitigate damages.

41.     Plaintiff's damages are not of the nature or to the extent alleged.

42.     Plaintiff failed to plead facts that would support a claim for or recovery of compensatory or punitive damages.

43.     Plaintiff failed to follow WSU's grievance procedures.

44.     Plaintiff's claims for damages are barred to the extent they are speculative in nature.

45.     Plaintiff is not entitled to any of the relief requested.

46.     WSU Defendants incorporate any applicable defenses asserted by any other Defendant in this action.

47.     WSU Defendants reserve the right to assert additional defenses as may come to light in the course of discovery.

## DEMAND FOR JURY TRIAL

Wichita State University and John Bardo demand a trial by jury on all issues so triable by law.

## DESIGNATION OF PLACE OF TRIAL

Wichita State University and John Bardo designate Wichita, Kansas, as the place of any trial in this matter.

Respectfully submitted,

By: /s/ *Boyd A. Byers*

    Boyd A. Byers, #16253

Boyd A. Byers, #16253
Rachel Wetta, #24677
Foulston Siefkin LLP
1551 North Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
(316) 291-9738
(866) 738-3152 FAX
Email: bbyers@foulston.com
       Rwetta@foulston.com

Toby Crouse, #20030
Crouse LLC
11814 Antioch, No. 253
Overland Park, Kansas 66210
(913) 957-6832
Email: tcrouse@crousellc.com

 *and*

David Moses, #10239
Molly Gordon, #23134
Wichita State University 1845
Fairmount
201 Morrison Hall
Wichita, Kansas 67260
(316) 978-6791
Email: david.moses@wichita.edu
Email: molly.gordon@wichita.edu

*Attorneys for WSU Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2018, I electronically filed the above and foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.


/s/ *Boyd A. Byers*
Boyd A. Byers, #16253