**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| WADE ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-2138-CM-GLR |
| | ) |
| WICHITA STATE UNIVERSITY, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO
DEFENDANT REGISTRY'S MOTION TO STRIKE COUNTS V ANDF VI OF THE
SECOND AMENDED COMPLAINT OR IN THE ALTERNATIVE TO DISMISS**

Plaintiff submits the following Memorandum in Response to the Registry's Motion to Strike or Dismiss Counts V and VI of the Second Amended Complaint.

There is no dispute that this court granted the Registry's Motion to Dismiss on May 31, 2017. (Doc. 57). However, in its order dated February 13, 2018 (Doc. 63), which denied Wichita State University's Motion for Judgment on the Pleadings, in part, the court granted leave for Plaintiff to file a Second Amended Complaint. Faced with a potential conflict in the Tenth Circuit between the case *Davis v. TXO Prod. Corp.*, 929 F.2d 1515 (10th Cir. 1991) and subsequent cases such as *Nelder v. Worley*, No. 15-4048, 2015 WL 6108023 (10th Cir., October 16, 2015), Plaintiff incorporated by reference his allegations against the dismissed party out of an abundance of caution so as not to be foreclosed in the event an appeal is necessary in the future.

In *Davis*, the district court dismissed a *claim* in the first amended complaint that was not re-pled in the second amended complaint.  On appeal, the Tenth Circuit held that the dismissed claim which had not been re-alleged in the subsequent complaint had been preserved for appeal. 929 F.2d at 1518. This is why Plaintiff referenced this case in Counts V and VI of his Second

Amended Complaint when he alleged that each of his claims "against the Registry set forth in Robinson's First Amended Complaint (ECF Doc. 48) is incorporated herein by reference for the purpose of appeal and not as an attempt to circumvent the Court's prior order."

More recently, in *Nelder*, with respect to dismissed *parties*, the Tenth Circuit reached a different result. In *Nelder*, plaintiff named two individuals as defendants in his original complaint, but omitted these individuals in his amended complaint. On appeal, he attempted to name the dismissed employees as appellees, but the Tenth Circuit found he had "no right to relief against them on appeal." *Id.* at fn.1, citing *Davis v. TXO Prod. Corp.,* 929 F.2d 1515, 1517 (10th Cir. 1991)("[I]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect."). It is not clear whether *Nelder* is only applicable to dismissed parties as it did not appear to overrule *Davis*. However, other cases have cited *Davis* for the proposition that the original complaint is a nullity upon the filing of an amended complaint. *See e.g. Lewis v. Clark*, 577 F. App'x 786 (10th Cir. 2014); accord *Pintando v. Miami-Dade Hous. Agency,* 501 F.3d 1241, 1243 (11th Cir. 2007).

Here, the district court dismissed two *claims* against a *party*, the Registry, when it granted the Registry's motion to dismiss. (Doc. 57). Plaintiff simply does not want to forfeit any appeal rights he has against the Registry by omitting it as a party defendant in the Second Amended Complaint such as the Tenth Circuit held in *Nelder*.

To the extent that The Registry has incorporated by reference its prior Motion to Dismiss (Doc. 50), Plaintiff likewise incorporates his opposition to The Registry's Motion to Dismiss (Doc. 53).

As stated in his Second Amended Complaint, Plaintiff acknowledged that the Court previously entered an order dismissing the claim (Doc. 57), and merely incorporated the claims

against the Registry asserted in the First Amended Complaint for the purpose of appeal and not as an attempt to circumvent the Court's prior order.

Dated:  April 2, 2018                              Respectfully Submitted,


                                                  /s/ Sarah A. Brown
Sarah A. Brown, KS# 12130
Dan Curry, KS# 22750
Brown & Curry, LLC
406 West 34th Street, Suite 810
Kansas City, MO 64111
(816) 756-5458
(816) 666-9596 (FAX)
sarah@brownandcurry.com
dan@brownandcurry.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

   I hereby certify that on April 2, 2018 the foregoing document was served by the Court's electronic filing system upon the following parties of record:

Toby Crouse, #20030
Foulston Siefkin LLP
9225 Indian Creek Parkway, Suite 600
Overland Park, KS 66210-2000
(913) 498-2100
(913) 498-2101 FAX
Email: tcrouse@foulston.com

Boyd A. Byers, #16253
Rachel N. Wetta, #24677
Foulston Siefkin LLP
1551 North Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
(316) 291-9738
(866) 738-3152 FAX
Email: bbyers@foulston.com
Email: rwetta@foulston.com

David Moses, #10239
Molly Gordon, #23134
Wichita State University
1845 Fairmount,
201 Morrison Hall
Wichita, Kansas 67260
Tel:  (316) 978-6791
Email: David.Moses@wichita.edu
Email: molly.gordon@wichita.edu
ATTORNEYS FOR DEFENDANTS WICHITA STATE UNIVERITY AND BARDO

and

Kevin D. Case, MO 41491; KS 14570
Patric S. Linden, MO 49551; KS 18305
2600 Grand Boulevard, Suite 300
Kansas City, MO  64108
Tel:  (816) 979-1500
Fax:  (816) 979-1501
Email: kevin.case@caselinden.com
Email: patric.linden@caselinden.com
ATTORNEYS FOR DEFENDANTS THE REGISTRY FOR COLLEGE AND
UNIVERSITY PRESIDENTS, A DIVISION OF COLLEGIATE ENTERPRISE SOLUTIONS, LLC

               /s/ Sarah A. Brown
               Attorney for Plaintiff