IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WADE ROBINSON,

    Plaintiff,

v.

WICHITA STATE UNIVERSITY, et al.

    Defendants.

Case No. 2:16-cv-02138-DDC-GLR

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT THE REGISTRY FOR COLLEGE AND UNIVERSITY PRESIDENTS, A DIVISION OF COLLEGIATE ENTERPRISE SOLUTIONS, LLC, TO STRIKE COUNTS V AND VI OF THE SECOND AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, TO DISMISS**

Defendant The Registry For College And University Presidents, A Division Of Collegiate Enterprise Solutions, LLC (hereafter, the "Registry"), by undersigned counsel, respectfully provides the following Reply Memorandum In Support Of Defendant Registry's Motion To Strike Counts V And VI Of The Second Amended Complaint, Or, In The Alternative, To Dismiss.

Plaintiff appears to acknowledge the holding of *Davis v. TXO Prod. Corp.*, 929 F.2d 1515 (10th Cir. 1991), that claims that have been involuntarily dismissed on their merits need not be re-pleaded in an amended complaint to preserve an appellate challenge to that dismissal. However, Plaintiff contends that that the Tenth Circuit's subsequent decision in *Nelder v. Worley*, No. 15-4048, 2015 WL 6108023 (10th Cir., October 16, 2015) creates uncertainty as to whether a plaintiff needs to re-assert claims when a *party* has been dismissed from the case. *Nelder* is distinguishable from *Davis* and the case at bar, in that the plaintiff in *Nelder* voluntarily

abandoned his claims, in contrast with the involuntary dismissal of claims by this Court and in the *Davis* action.

In *Nelder*, the *pro se* plaintiff originally named two defendants, Turley and Bigelow, that were subsequently omitted from the plaintiff's amended complaint. *Nelder v. Worley*, 616 Fed. Appx. 397, 397 n.1 (10th Cir. 2015). Nothing in the *Nelder* decision suggests that the district court involuntarily dismissed the claims against Turley and Bigelow prior to the filing of the amended complaint or that there was some other disposition of those claims on their merits. Rather, the language of the opinion states that the claims regarding Turley and Bigelow were simply "omitted from [Nelder's] amended complaint." *Id.*

*Nelder*, therefore, concerns a very different procedural circumstance than *Davis*. The dismissed claims in *Davis* were *involuntarily* dismissed on their merits by the district court. 929 F.2d at 1516. In contrast, the dismissed claims in *Nelder* were abandoned (i.e. *voluntarily* dismissed) by the plaintiff. That distinguishing circumstance, in turn, explains the different results reached by each court. Where there is no "compulsion from the court to abandon any particular claim," then the failure to include a previously-pleaded claim in a subsequent amended complaint is a voluntary abandonment of that omitted claim. *Mooring Capital Fund, LLC v. Knight*, 388 Fed. Appx. 814, 823 (10th Cir. 2010).

Similarly, in *Enderwood v. Sinclair Broad. Group, Inc.*, 233 Fed. Appx. 793, 800 (10th Cir. 2007), the Tenth Circuit faced a situation in which the plaintiff filed an amended complaint in response to the defendant's motion to dismiss and prior to a ruling by the court on the dispositive motion. The Tenth circuit treated that circumstance as an abandonment of the claim, not an involuntary dismissal. *See id.* Simply put, the claims in *Nunley* and *Enderwood*

terminated due to the plaintiff's own, voluntary conduct in relinquishing and abandoning those claims, they did not terminate due to involuntary dismissal orders from the district courts. Under such circumstances, where a party has voluntarily abandoned a claim, it makes perfect sense to conclude that the party has not preserved that claim for appeal.

In contrast, when claims have been *involuntarily* dismissed by the court, then *Davis* controls, and a plaintiff need not re-assert the involuntarily-dismissed claims if an amended complaint is later filed in the case to preserve for appeal a challenge to the involuntary dismissal. "When a claim has been dismissed on the merits, a party may file an amended complaint omitting that claim without waiving an appellate challenge to the dismissal." *Mooring Capital Fund,* 388 Fed. Appx. at 823–24. That is precisely the circumstance present, here.

Given that circumstance, *Davis* clearly provides that Plaintiff was not required to re-assert in his Second Amended Complaint those claims that the Court has previously dismissed in order to preserve the involuntary dismissal of those claims for appeal. Plaintiff's incorporation by reference and re-assertion of his previously-dismissed allegations constitutes inclusion of immaterial and redundant matters in the Second Amended Complaint which this Court may strike pursuant to Fed. R. Civ. P. 12(f). As such, this Court should strike the immaterial and unnecessary allegations of Counts V and VI the Second Amended Complaint against the Registry, or, alternatively, renewing the Court's prior dismissal of those Claims against the Registry for the reasons previously articulated by this Court.

Respectfully submitted,

**Case Linden P.C.**

s/Patric S. Linden
Kevin D. Case, MO 41491; KS 14570
Patric S. Linden, MO 49551; KS 18305
2600 Grand Boulevard, Suite 300
Kansas City, MO 64108
Tel: (816) 979-1500
Fax: (816) 979-1501
kevin.case@caselinden.com
patric.linden@caselinden.com
Attorneys for Defendant

## Certificate of Service

I hereby certify that on April 9, 2018, a true and correct copy of the above and foregoing was served by electronic filing with the Clerk of the Court in the CM/ECF system, which will automatically send email notification of such filing to the following counsel of record:

Sarah Alderks Brown
Dan Curry
Brown & Curry, LLC
406 West 34th Street, Suite 810
Kansas City, MO 64111
Attorneys for Plaintiff

Boyd A. Byers
Rachel N. Wetta
Foulston Siefkin LLP
1551 North Waterfront Parkway, Ste. 100
Wichita, KS 67206-4466
Attorneys for Defendants Wichita State
University and John Bardo

Toby Crouse
Crouse LLC
11814 Antioch, No. 253
Overland Park, KS 66210
Attorney for Defendants Wichita State
University and John Bardo

Molly Gordon
Wichita State University
1845 Fairmount Street
201 Morrison Hall
Wichita, KS 67260-0205
Attorney for Defendants Wichita State
University and John Bardo

s/Patric S. Linden
Patric S. Linden

4