IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **WADE ROBINSON,**<br><br>**Plaintiff,**<br><br>v.<br><br>**WICHITA STATE UNIVERSITY,** et al.,<br><br>**Defendants.** | Case No.  16-2138-DDC-GLR |

### MEMORANDUM AND ORDER

Defendant The Registry For College And University Presidents, A Division Of Collegiate Enterprise Solutions, LLC moves the Court to strike Counts V and VI of the Second Amended Complaint, or in the alternative dismiss them (ECF 65). The motion is fully briefed. For the following reasons the Court grants the motion.

Plaintiff filed this action on March 2, 2016 against defendants Wichita State University, John Bardo, and The Registry for College and University Presidents, a Division of College and University Presidents, a Division of Collegiate Enterprise Solutions, LLC (herein the Registry) (ECF 1). On May 31, 2017, the Court granted the Registry's motion to dismiss in its entirety (ECF 57). The granting of that motion terminated the Registry as a party. The order did not give Plaintiff leave to amend his complaint with regard to any claims against the Registry.

On February 13, 2018, the Court granted in part and denied in part the motion for judgment on the pleadings filed jointly by defendants Wichita State University and John Bardo (ECF 63). The order also granted Plaintiff leave to amend his complaint as to those two defendants. Plaintiff filed his second amended complaint on March 5, 2018 (ECF 64). And it

included not only the claims against the University and Bardo, but also the previously dismissed claims against the Registry as Counts V and VI (ECF 64 at 16). Specifically, the Second Amended Complaint in each of those counts sets forth the following allegations:

> The Tenth Circuit has stated explicitly that the parties are not required to "reallege a cause of action on which the district court has conclusively ruled." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1518 (10th Cir. 1991). Therefore, Robinson hereby preserves for appeal his [Defamation and Invasion of Privacy claims] against the Registry, acknowledging that the Court has previously entered an order dismissing the claim. (ECF Doc. 57). The [Defamation and Invasion of Privacy claims] against the Registry set forth in Robinson's First Amended Complaint (ECF Doc. 48) is incorporated herein by reference for the purpose of appeal and not as an attempt to circumvent the Court's prior order.

The Registry filed the pending motion to strike on March 19, 2018. It argues that the reasserted Counts V and VI should be stricken from the second amended complaint or otherwise dismissed. Plaintiff responded that he reasserted the allegations "out of an abundance of caution," because of a possible conflict created by applicable cases decided by the Tenth Circuit Court of Appeals (ECF 68).

The parties agree that *Davis v. TXO Prod. Corp.*[1] is controlling. In *Davis*, the district court dismissed several counts from an original complaint. The plaintiff was subsequently granted leave to file an amended complaint as to some of the counts. The amended complaint did not include the counts the district court had dismissed for failure to state a claim. On appeal, the appellee argued that the appellant had waived his right to appeal the previously dismissed counts, because they were not included in the amended complaint. The Tenth Circuit held it was unnecessary for a plaintiff, in order to preserve the issue for appeal, to reallege a claim which the

---

[1] 929 F.2d 1515 (10th Cir. 1991).

district court has dismissed. "We believe that a rule requiring plaintiffs who file amended complaints to replead claims previously dismissed on their merits in order to preserve those claims merely sets a trap for unsuspecting plaintiffs with no concomitant benefit to the opposing party."[2]

Plaintiff contends that, though *Davis* may control in some circumstances, *Nelder v. Worley*[3] applies when a party has been dismissed. In *Nelder* the Tenth Circuit noted in a footnote that it would not consider claims against two defendants who had been named in the plaintiff's original complaint, but omitted from his amended complaint. Plaintiff thus reasons that, when a claim is dismissed, an amended complaint must nevertheless reassert the dismissed claim, in order to preserve the rights of the plaintiff to appeal.

The undersigned magistrate judge is of the opinion that *Davis* and not *Nelder* sets forth the law applicable to the present motion. *Nelder* does not specifically indicate whether the district court dismissed the claim(s) in question or whether the plaintiff simply omitted them from his amended complaint.  A footnote says that both defendants at issue were "named as defendants in Nelder's original complaint; but they were omitted from his amended complaint."[4] Additionally, the Court of Appeals in *Nelder* does not overrule *Davis.* Nor does it distinguish its ruling from *Davis*. Instead it simply finds that, if a plaintiff excludes a defendant from an amended complaint, the claim and rights to appeal are lost as to him. That is not the case here.

Although a reasonable interpretation of the Tenth Circuit's footnote in *Nelder* would be that the plaintiff voluntarily amended his complaint and excluded the defendants at issue, rather

---

[2] *Id.* at 1518.

[3] 616 F. App'x 397 (10th Cir. Oct. 16, 2015).

[4] *Id.* at 397 n. 1.

than the district court having dismissed them, *Davis* should still be controlling in the instant case. The party at issue here, the Registry, was dismissed by virtue of the claims against it being dismissed. Thus, Plaintiff should not have to "replead claims previously dismissed on their merits in order to preserve those claims" for appeal.[5]

"When a claim has been dismissed on the merits, a party may file an amended complaint omitting that claim without waiving an appellate challenge to the dismissal."[6] In this case Plaintiff's claims against the Registry were dismissed on the merits. Plaintiff has not voluntarily abandoned the claims. Instead, like *Davis*, the claims were "subjected to a 12(b)(6) ruling."[7] Additionally, the Court did not grant Plaintiff leave to amend his complaint, which is further evidence that Plaintiff's claims against the Registry were dismissed on the merits. Therefore, Plaintiff need not include the dismissed claims in his amended complaint to preserve them for appeal. The Registry's motion to strike is granted without prejudice to any right to appeal.

**IT IS THEREFORE ORDERED BY THE COURT** that Motion of Defendant The Registry for College and University Presidents, a Division of Collegiate Enterprise Solutions, LLC, to Strike Counts V and VI of the Second Amended Complaint, or, in the Alternative, to Dismiss (ECF 65) is granted without prejudice to any rights of Plaintiff to appeal.

**IT IS SO ORDERED.**

---

[5] *Davis*, 929 F.2d at 1518.

[6] *Mooring Capital Fund, LLC v. Knight*, 388 F. App'x 814, 823–24 (10th Cir. July 22, 2010) (citing *Davis*, 929 F.2d at 1517–18 and thus distinguishing that when the district court dismisses a complaint but grants the plaintiff leave to file an amended complaint and the plaintiff fails to reassert claims, the plaintiff abandons those claims).

[7] *Davis*, 929 F.2d at 1517.

Dated July 10, 2018, at Kansas City, Kansas.

*s/Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge